UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------
                                                :
ANTON ALLENSWORTH-CANNADAY,    :    CASE NO. 1:07-CV-01109
*et al.*                                     :
                                                :
            Plaintiffs,                 :
                                                :
vs.                                         :    OPINION & ORDER
                                                :    [Resolving Docs. No. 12, 13.]
WINDHAM EXEMPTED VILLAGE   :
SCHOOL DISTRICT,                    :
                                                :
            Defendant.                :
                                                :
-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court considers the Defendant's affirmative defense that the Court lacks subject matter jurisdiction in this case because the Plaintiffs failed to exhaust their administrative remedies before seeking relief here. [Doc. 6.] In response to the Court's June 27, 2007 Order [Doc. 9.], the parties filed supplemental memoranda addressing this issue. [Docs. 12-1, 13-1.]

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over the Plaintiffs' federal claims because of their failure to exhaust the applicable administrative processes. Accordingly, the Court dismisses the Plaintiffs' federal claims without prejudice. The Court further declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims and dismisses them without prejudice as well.

Case No. 1:07-CV-01109
Gwin, J.

## I.  Background

This case arises out of Plaintiff Anton Allensworth-Cannaday's and Plaintiff Timothy Cannaday's ("Plaintiffs") experiences with Defendant Windham Exempted Village School District Board of Education ("Defendant" or "Windham") regarding Timothy Cannaday's education. Timothy Cannaday ("Timothy") is learning disabled.  [Doc. 1-1.]  Anton Allensworth-Cannaday ("Cannaday") is Timothy's adoptive father.[1]  *Id.*  Timothy has attended school in the Windham School District since March 2005.  [Doc. 12-2.]

The Plaintiffs claim that Defendant Windham violated and continues to violate federal and state law in failing to adequately educate Timothy and failing to properly involve Cannaday in the decision-making regarding Timothy's education.  [Doc. 1-1.]  On April 16, 2007, the Plaintiffs filed a complaint against Windham making nine claims: 1) Fraud, 2) Negligence, 3) Violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA")[2], 4) Violation of O.R.C. § 3323, 5) Due process violations, 6) Intentional infliction of emotional distress, 7) Retaliation, 8) Breach of contract, and 9) Civil conspiracy.  *Id.*

On May 9, 2007, Defendant Windham answered the Plaintiffs' complaint.  [Doc. 6.]  In its answer, the Defendant presented an affirmative defense challenging the subject matter jurisdiction of the Court: "Having failed to exhaust their administrative remedies pursuant to 20 U.S.C. § 1415(i) or provide a factual basis to support any alleged exception to exhaustion based upon futility, Plaintiffs failed to carry their burden to plead and/or prove the Court has subject matter jurisdiction

---

[1] Timothy currently resides with his foster parent, Estella Workman. [Doc. 12.]  The Court need not discuss or address Plaintiff Cannaday's legal rights and status related to Timothy [*See* Docs. 12-5, 12-7.] because the Court ultimately dismisses the case for lack of subject matter jurisdiction.

[2] The Individuals with Disabilities Education Act was amended in 2004 and is now called the Individuals with Disabilities Education Improvement Act.  The Court will refer to the Act as the "IDEA."

-2-

Case No. 1:07-CV-01109
Gwin, J.

in this action." *Id.*

On July 6, 2007, the Defendant filed a supplemental memorandum arguing that the "Plaintiffs' failure to exhaust administrative remedies as is required under the [IDEA] deprives the Court of subject matter jurisdiction."[3/] [Doc. 12-1.] First, the Defendant says that all of the Plaintiffs' claims are subject to dismissal because of the failure to exhaust: "All Counts in Plaintiffs' Complaint, including pendant state court claims, relate directly or indirectly to special education matters for which such exhaustion is required." *Id.* Second, the Defendant claims that the Plaintiffs failed to meet the exhaustion requirement because they did not request a due process hearing before filing the instant action. *Id.* Third, Windham states that the Plaintiff cannot appeal his state complaint decisions to this Court: "In the absence of a formal appeal process, Mr. Cannaday had the option to file a request for due process if he was unsatisfied with the Department's determination. Having elected not to do so, Mr. Cannaday should not now be permitted to create a 'new' appeal process in this Court not otherwise provided by law." *Id.*

On July 8, 2007, the Plaintiffs filed a memorandum in support of the Court's subject matter jurisdiction. [Doc. 13-1.] With this filing, the Plaintiffs first claim that this action encompasses more than IDEA-related claims: "Plaintiff's Complaint not only alleges violations of the federal mandates of the [IDEA], but also alleges that Defendant Windham committed fraud, was negligent, and intentionally retaliated against Plaintiffs Anton and Timothy Cannaday." *Id.* Second, in direct response to the Defendant's subject matter jurisdiction challenge, the Plaintiffs say they do not need to exhaust their administrative remedies because to do so would be futile. *Id.* They reason that they

---

[3/] The Court need not address the Defendant's arguments regarding Plaintiff Cannaday's standing [Doc. 12.] because the Court finds it lacks subject matter jurisdiction due to the Plaintiffs' failure to exhaust administrative remedies.

Case No. 1:07-CV-01109
Gwin, J.

have "already filed complaint after complaint with the Ohio Department of Education," and yet, despite the state's favorable rulings, "Defendant Windham continues to violate the law." *Id.* Moreover, the Plaintiffs say that Plaintiff Timothy is only three classes away from graduation and therefore, "[e]ven if a hearing officer ruled in favor of Plaintiffs, Timothy's education would be finished and any administrative orders would be worthless." [Doc. 13-1.] Finally, they claim that the administrative remedies are incapable of redressing at least some of the wrongs that Plaintiffs allege in their complaint. *Id.* Specifically, they say that administrative processes cannot remedy Defendant Windham's fraudulent administration of the Ohio Graduation Test ("OGT") with regard to Timothy. *Id.*

## II. Legal Standard

The IDEA "requires that school districts receiving federal funding provide a 'free and appropriate public education' ('FAPE') to all special education students." *Long v. Dawson Springs Indep. Sch. Dist.*, 197 Fed.Appx. 427, 432, 2006 WL 2472899, 5 (6th Cir. 2006) (citing 20 U.S.C. § 1412; *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County, v. Rowley*, 458 U.S. 176, 179 (1982)). The statute seeks to accomplish its goal primarily through the "individualized educational program" (IEP) mandated for each child:

> Prepared at meetings between a representative of the local school district, the child's teacher, the parents or guardians, and, whenever appropriate, the disabled child, the IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives.

*Honig v. Doe*, 484 U.S. 305, 311 (1988).

If a dispute arises related to a student's IDEA rights, the statute requires plaintiffs to "exhaust

Case No. 1:07-CV-01109
Gwin, J.

their administrative remedies before bringing suit in federal court to obtain relief that is also available under the [IDEA]." *E.g.*, *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000) (citations omitted).  The exhaustion requirement "'enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy.'" *Donoho ex rel. Kemp v. Smith County Bd. of Educ.*, 21 Fed.Appx. 293, 296-97 (6th Cir. 2001) (quoting *Christopher W. v. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1094 (1st Cir. 1989)); *see also Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989).

> The IDEA establishes the following exhaustion requirement:
>
> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution . . . or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted . . . .

20 U.S.C. § 1415(l).  Subsections (f) and (g) provide for a two-tiered administrative procedure: 1) an impartial due process hearing pursuant to 20 U.S.C. § 1415(f); and 2) a state level review process pursuant to 20 U.S.C. § 1415(g).  *See also* R.C. § 3323.05, O.A.C. § 3301-51-08.  Parties aggrieved by the decisions resulting from the due process hearing and state level review then have "the right to bring a civil action."  20 U.S.C. § 1415(i)(2); O.A.C. § 3301-51-08(I).

In certain circumstances, plaintiffs need not exhaust their administrative appeals before filing a law suit.  For example, courts do not require exhaustion when administrative remedies would be "futile or inadequate to protect the plaintiff's rights."  *E.g.*, *Covington*, 205 F.3d at 917.  Courts also excuse the exhaustion requirement when plaintiffs do not have "full notice of their procedural rights" under the statute.  *Id.*  In the instant case, the plaintiffs only raise and therefore the Court only

Case No. 1:07-CV-01109
Gwin, J.

considers the futility exception to the exhaustion requirement. *See* [Doc. 13-1.]. The plaintiffs bear the burden of demonstrating the futility or inadequacy of administrative review. *E.g.*, *Gean v. Hattaway*, 330 F.3d 758, 773-74 (6th Cir. 2003) (citation omitted).

### III. Analysis

In their memorandum, the Plaintiffs do not contest Windham's assertion that Plaintiffs failed to exhaust their administrative remedies. [Doc. 13-1.] Instead, they argue that the exhaustion requirement does not apply to them because exhausting administrative remedies here would be futile. *Id.* They cite three reasons justifying their claim of futility. First, the Plaintiffs say they have already received favorable rulings on "complaint after complaint" from the state's Department of Education, and yet, Defendant Windham continues to violate the law. *Id.* They draw attention to the Defendant's alleged "intentional maliciousness." *Id.* Second, they claim that because Plaintiff Timothy is so close to graduation, any administrative relief would come too late. *Id.* Third, the Plaintiffs argue that the administrative remedies are incapable of correcting the wrongs they allege in their complaint. *Id.* They suggest that their claim for money damages renders the administrative processes inadequate.

Before beginning its analysis, the Court notes that the Plaintiffs justify their presence in federal court based upon federal question jurisdiction. [Doc. 1-1.] Thus, the Court directs its attention to the Plaintiffs' federal claims. The Court first considers the threshold matter of whether all of the Plaintiffs' federal counts are subject to the IDEA exhaustion requirement.

As presented above, the IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution . . . or other Federal laws protecting

-6-

Case No. 1:07-CV-01109
Gwin, J.

> the rights of children with disabilities, except that **before the filing of a civil action under such laws seeking relief that is also available under this subchapter**, the procedures under subsections (f) and (g) of this section shall be exhausted . . . .

20 U.S.C. § 1415(l) (emphasis added).  Thus, the Court must decide whether the Plaintiffs' federal claims seek relief "that is also available under" the IDEA.  *See id.*  The Sixth Circuit, in *Covington*, considered the IDEA's exhaustion requirement's application to a complaint that while failing to explicitly allege an IDEA violation, arose out of IDEA-related facts.  *See Covington v. Knox County Sch. Sys.*, 205 F.3d 912 (6th Cir. 2000).  Without deciding if the complaint triggered the IDEA exhaustion requirement, the Sixth Circuit drew attention to the courts that have interpreted the IDEA "to require the exhaustion of administrative remedies even when the plaintiffs do not rely exclusively on the IDEA as the source of their claims":

> For example, several courts have held that exhaustion is required when plaintiffs bring § 1983 suits based on violations of the IDEA. *See, e.g.*, *N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996), cert. denied, 519 U.S. 1092, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987); *W.L.G. v. Houston County Bd. of Educ.*, 975 F.Supp. 1317, 1328 (M.D.Ala. 1997). Additionally, some courts have held that whenever a claim falls within the purview of the IDEA-that is, whenever it relates to the provision of a "free appropriate public education" to a disabled child exhaustion is required, whether or not the plaintiff characterizes the claim as one arising under the IDEA.

*Covington*, 205 F.3d at 915-16 (citations omitted).  Lacking more specific direction from the Sixth Circuit, the Court agrees with a fellow district court's description: "Though the allegations in the complaint may raise causes of action under independent statutes," the Court must decide whether "most of the claims . . . fit squarely within the ambit of the IDEA."  *See Shaft v. Bullitt County Bd. of Educ.*, 2000 WL 33975581, 3 (W.D.Ky. 2000).

Here, the Court finds that the Plaintiffs' federal claims sufficiently relate to alleged violations of the IDEA such that they are subject to the IDEA's exhaustion requirement.  *See id.*  The Plaintiffs

-7-

Case No. 1:07-CV-01109
Gwin, J.

allege four claims that could be considered federal in nature.  [Doc. 1-1.]  Two of the claims are clearly federal and directly tied to allegations of IDEA violations, thereby triggering the exhaustion requirement.  First, the Plaintiffs' third court alleges violation of the IDEA directly.  *Id.*  Second, their fifth count alleges "due process violations" that also directly emerge from the IDEA; the Plaintiffs say that Windham failed to follow the IDEA's "specific procedural processes" with respect to the Plaintiffs' complaints.  *Id.*

The Plaintiffs bring two other counts that potentially raise federal claims and that the Court also finds subject to the IDEA exhaustion requirement.  In their seventh count, the Plaintiffs present a retaliation claim without specifying its legal basis.  [Doc. 1-1.]  The Plaintiffs allege that the Defendant retaliated because of their IDEA-based complaints.  *Id.*  With the purposes of the IDEA exhaustion requirement in mind[4/], the Court finds that this claim is also subject to the exhaustion requirement.  *See Shaft*, 2000 WL at 3 (requiring exhaustion when the plaintiff alleged unlawful treatment, discrimination and retaliation through non-IDEA claims that sought relief "which may also be available under the IDEA").  Finally, with regard to the Plaintiffs' ninth count, civil conspiracy, the necessary "underlying unlawful act,"*see Williams v. Aetna Fin. Co.*, 83 Ohio St.3d

---

[4/] In *Crocker*, the Sixth Circuit shared the significance of the IDEA's exhaustion requirement:

> The policies underlying this exhaustion requirement are both sound and important. States are given the power to place themselves in compliance with the law, and the incentive to develop a regular system for fairly resolving conflicts under the Act. Federal courts-generalists with no expertise in the educational needs of handicapped students-are given the benefit of expert factfinding by a state agency devoted to this very purpose. Such a mechanism is necessary to give effect to a fundamental policy underlying the EHA: "that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education." *Smith v. Robinson*, 468 U.S. at 1012, 104 S.Ct. at 3468. Were federal courts to set themselves up as the initial arbiters of handicapped children's educational needs before the administrative process is used, they would endanger not only the procedural but also the substantive purposes of the Act. And both states and the federal government have a recognized interest in providing enforcement of the Act that is not only just but efficient.

*Crocker*, 873 F.2d at 935 (citations omitted).

Case No. 1:07-CV-01109
Gwin, J.

464, 475, 700 N.E.2d 859, 868 (Ohio 1998), could be the alleged federal or state law violations. To the extent the underlying unlawful act is federal, it must stem from the counts already mentioned above, again that are sufficiently related to IDEA violations to invoke the exhaustion requirement. *See id.*

Finally, and most importantly, the Court finds these four claims subject to the IDEA's exhaustion requirement because, as the Court describes below, IDEA relief remains available to the Plaintiffs. *See* 20 U.S.C. § 1415(l); *Covington*, 205 F.3d at 917.

Thus, the Court will respond to the Plaintiffs' three arguments outlined above in the context of these federal claims alleging IDEA-related violations. Because the Court ultimately finds that the Plaintiffs' arguments fail with regard to their federal claims and accordingly that the Court lacks subject matter jurisdiction over these counts, the Court dismisses the Plaintiffs' federal claims. The Court then declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims and dismisses them as well.

**A. The Defendant's Alleged Continued Violations Do not Render the Administrative Processes Futile.**

First, the Plaintiffs claim that administrative remedies are futile because though they have been successful with their complaints to the Ohio Department of Education,[5] the Defendant

---

[5] The Plaintiffs have filed complaints with the Ohio Department of Education, Office of Exceptional Children. *See* [Docs. 13-4, 13-5.]. This complaint process is distinct from the procedures required under 20 U.S.C. § 1415(l). Pursuant to § 1415(l), parties must exhaust the two-tiered administrative procedure referenced above, including the impartial due process hearing provided for in 20 U.S.C. § 1415(f) and the state level review process provided for in 20 U.S.C. § 1415(g).

The Court also notes that within the complaint process, parties have additional rights if the district does not comply with the Department of Education's decision, as the Plaintiffs allege here. According to the Ohio Department of Education, "If the district does not comply with the complaint process or the corrective action, sanctions, as appropriate will be implemented by OEC." Ohio Department of Education, Office for Exceptional Children, *Whose*
(continued...)

Case No. 1:07-CV-01109
Gwin, J.

continues to violate the law. [Doc. 13-1.] The Court finds that this argument does not excuse Plaintiffs from the exhaustion requirement. The Plaintiffs must still exhaust administrative processes first. To the extent that the Plaintiffs remain aggrieved following the administrative procedures, the statute envisions that they may proceed to federal court: after exhaustion, they "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any . . . district court of the United States." *See* 20 U.S.C. § 1415(i)(2)(A).

The Court also finds that the Plaintiffs' related argument that they should be permitted to bypass administrative processes because the Defendant has been "intentionally malicious" unpersuasive. *See* [Doc. 13-1.]. Throughout the Plaintiffs' brief, they allege various examples of Windham's malice, including that Windham has hidden its violations, sabotaged Plaintiff Cannaday's involvement in his son's education, and retaliated against the Plaintiffs. *See id.* In *Donoho*, the plaintiff similarly argued for an inadequacy and futility finding because of the Defendant's alleged bad faith and misconduct. *Donoho*, 21 Fed.Appx. at 298. Like in the instant case, the *Donoho* plaintiff's bad faith allegations repeated what was already alleged in the complaint. *See id.* The Sixth Circuit responded, "[I]t is precisely because a parent might have legitimate complaints against the local school system that Tennessee and the IDEA provide an administrative procedure to evaluate impartially school conduct regarding children with disabilities. Saying the Board acted wrongfully does nothing to show that this wrong cannot be corrected through the means provided by the state." *Id.* This Court agrees that the Plaintiffs' allegations of the Defendant's

---

[5/](...continued)
*IDEA is This? A Resource Guide for Parents*, 2007, at 28.

-10-

Case No. 1:07-CV-01109
Gwin, J.

malice do not justify bypassing the administrative processes; rather, these allegations are exactly the type that are properly presented in such proceedings.

**B. The Plaintiffs' Perception that They Lack Enough Time to Proceed Administratively Does not Render the Administrative Processes Futile.**

Second, citing *Covington,* the Plaintiffs claim that Timothy's proximity to graduation renders the administrative processes futile because any favorable decisions would come too late. [Doc. 13-1.] The Plaintiffs say that Timothy is "already at the end of his High School career" and only three classes away from graduation. *Id.* In *Covington*, the Sixth Circuit narrowly held that exhaustion was futile in that case because 1) the injured child had already graduated, 2) his injuries were wholly in the past, and 3) the only remedy available to make him whole was money damages. *Covington*, 205 F.3d at 917.

In contrast, here, Timothy has not yet graduated, his injuries arguably exist in the present, and equitable relief remains available. In fact, Timothy has only just begun his final year. *See* [Docs. 13-1, 14.]. Moreover, at the time the Plaintiffs filed the complaint (when they could have requested a due process hearing), April 16, 2007, Timothy was more than a year from graduation. In addition, Timothy is eligible to continue his education in public school until he is twenty-two years old if he does not graduate with a regular high school diploma in 2008. *See* 20 U.S.C. § 1412(a)(1); 34 C.F.R. § 300.102(a); O.A.C. § 3301-51-02(A). Without more, the Court is not convinced that the Plaintiffs did not have and now do not have enough time to exhaust their administrative remedies before proceeding to court. Further, the Court will not find that a lack of time excuses exhaustion when the timing problem is the parties' own fault. *See Crocker*, 873 F.2d at 937 (holding that the Court will find no exception to the exhaustion requirement "where plaintiffs

Case No. 1:07-CV-01109
Gwin, J.

assert an emergency that is in fact 'a problem of their own making'") (citation omitted). Again, the plaintiffs provide no adequate justification for choosing to file a complaint in this court rather than requesting a due process hearing in April 2007, when Timothy had more than a year left before graduation.

**C. The Plaintiffs' Request for Monetary Damages Does not Render the Administrative Processes Futile.**

Third, the Plaintiffs argue that the administrative remedies are inadequate here because money damages appear to be the only appropriate remedy: "This pattern of conduct alone could not be addressed in an administrative proceeding. It must be addressed in a court of law that has jurisdiction to award any damages it feels appropriate that would make Plaintiffs whole." [Doc. 13-1.] The Plaintiffs add that they are seeking non-IDEA relief through non-IDEA claims. *Id.* The Plaintiffs draw particular attention to their fraud claim. They state that the administrative process cannot adequately remedy the Defendant's fraudulent administration of the OGT to Timothy: "It is questionable as to what type of remedy, other than monetary, could be provided to the Cannadays." *Id.*

The Court has two responses to the Plaintiff's third argument. First, the Sixth Circuit agrees "with those courts that have decided that a mere claim for money damages is not sufficient to render exhaustion of administrative remedies unnecessary." *Covington*, 205 F.3d at 916-17 (explaining that "plaintiffs could otherwise circumvent the IDEA's elaborate scheme simply by appending a claim for damages, . . . and that the administrative process might ultimately afford sufficient relief to the injured party, even if it is not the specific relief that the plaintiff requested") (citations omitted). The Sixth Circuit has also drawn attention to other courts finding that "a plaintiff seeking money

-12-

Case No. 1:07-CV-01109
Gwin, J.

damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process." *Covington*, 205 F.3d at 916. (citations omitted).

The Plaintiffs cite *Covington* to support their argument, but as described above, *Covington* excused exhaustion on narrower grounds than the Plaintiffs suggest. [Doc. 13.] In *Covington*, unlike here, the plaintiff had graduated, and therefore, the plaintiff's *only* available relief was in the form of money damages. *Covington*, 205 F.3d at 917 (agreeing with other circuits that "[a]lthough exhaustion cannot be waived whenever a plaintiff seeks monetary damages rather than relief that is available under the administrative scheme, where there is no administrative remedy for a wrong that the plaintiff has suffered, exhaustion is futile and may be waived") (citations omitted). Here, as explained above, Timothy is still in school and therefore, equitable relief related to his education is still available. Thus, administrative remedies remain viable, and the plaintiffs' claim for money damages provides no exemption to the exhaustion requirement.

Second, the Court responds to the Plaintiffs' argument that the exhaustion requirement is inapplicable here because the Plaintiffs raise non-IDEA claims that request non-IDEA relief. First, the Court has already found that the Plaintiffs' federal claims are sufficiently related to the IDEA as to be subject to the statute's exhaustion requirement. Second, with regard to the Plaintiffs' state law counts, the Court need not address whether they are subject to the exhaustion requirement because, as described below, the Court declines to exercise supplemental jurisdiction over them.

Because the Plaintiffs fail to meet their burden of demonstrating the futility of administrative remedies with regard to their federal, IDEA-related claims, the Court finds they must exhaust the administrative processes before proceeding to this forum with those claims. Therefore, the Court

-13-

Case No. 1:07-CV-01109
Gwin, J.

dismisses the Plaintiffs' federal claims without prejudice.

**D. The Court Declines to Exercise Supplemental Jurisdiction over the Plaintiffs' Remaining Claims.**

28 U.S.C. § 1367(c) provides that a court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) [it] has dismissed all claims over which it has original jurisdiction." Here, the Court has dismissed the Plaintiffs' federal claims over which it has federal question jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court now declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims and dismisses them without prejudice.

### IV. Conclusion

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over the Plaintiffs' federal claims. Accordingly, the Court dismisses the Plaintiffs' federal claims without prejudice. The Court further declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims and dismisses them without prejudice as well.

IT IS SO ORDERED.

Dated: October 23, 2007                    s/        *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE